UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| A.M.L., J.J.L., E.R.L., by and through their Next of Friend, John Doe, R.D.M., by and through his Next of Friend, Jane Snow, J.J.G., and S.T.S., <br><br> Plaintiffs, <br><br> v. <br><br> Wright Directions, LLC, Renee Sutton, LPC, Nicki Nichols, LPC, WDFS Employee #1, WDFS Employee #2, WDFS Employee #3, WDFS Employee #4, Jawanda McNair, Gregg Wright, Sandra Roberts, Tyrone B. Beckett, First Zion Missionary Baptist Church, South Carolina Department of Social Services, SCDSS Case Worker #1, SCDSS Case Worker #2, SCDSS Case Worker #3, SCDSS Case Worker #4, SCDSS Case Worker Supervisor #1, SCDSS Case Worker Supervisor #2, Magnelia Washington Cottrell, Charles Brown, Franklin County Children Services, FCCS Case Worker #1, FCCS Case Worker #2, FCCS Case Worker #3, FCCS Case Worker #4, FCCS Case Worker Supervisor #1, FCCS Case Worker Supervisor #2, Adoption Advocacy, Inc., June Bond, Joe Haynes, Beaufort County School Board Member #1, Beaufort County School District Administrator #1, Beaufort County School District Administrator #2, Seaside Pediatrics of Bluffton, P.C., Maureen Berrigan, M.D., Palmetto Pediatrics of the Low Country, LLC, Lance Lowe, M.D., <br><br> Defendants. | C/A 2022-CV-01874 & 01907 <br><br> **PLAINTIFFS' MOTION TO AMEND THIRD AMENDED COMPLAINT** |

    Plaintiffs A.M.L., J.J.L., E.R.L., R.D.M., J.J.G., and S.T.S. ask the Court to allow them to amend their complaint. Exhibit 1, Fourth Amended Complaint (November 1, 2022). Plaintiff has consulted with opposing counsel. Defendants Seaside Pediatrics of Bluffton, P.C., Maureen

Berrigan, M.D., Palmetto Pediatrics of the Low Country, LLC, and Lance Lowe, M.D. consent to Plaintiffs' motion. Defendants Tyrone B. Beckett and First Zion Missionary Baptist Church take no position on the motion. Defendants Wright Directions, LLC, Renee Sutton, LPC, Nicki Nichols, LPC, Jawanda McNair, Gregg Wright, and Sandra Roberts object to the Plaintiffs' motion. Defendants Adoption Advocacy, Inc., June Bond, and Joe Haynes object and have threatened sanctions. The following Defendants have not responded: South Carolina Department of Social Services, Magnelia Washington Cottrell, Charles Brown, Franklin County Children Services.

The amended complaint adds two medical malpractice/professional negligence causes of action on behalf of S.T.S. and J.J.G., who completed mediation with the Wright Directions Defendant on September 15, 2022. Exhibit 1, Fourth Amended Complaint, *109-113 (November 1, 2022). Pursuant to S.C. Code Ann. §15-79-125(E), S.T.S.' and J.J.G.'s claims must be filed "within sixty days after the mediator determines that the mediation is not viable, that an impasse exists, or that the mediation should end." Exhibit 2, Proof of ADR (September 15, 2022).

Plaintiffs have amended certain paragraphs related to the Wright Directions Defendants' Medicaid Fraud. This is based upon newly obtained audit documents from the South Carolina Department of Health and Human Services' Division of Program Integrity, which shows findings that 1,393 claims, or 100% of the Wright Directions Defendants' billings were meritless. Dkt. No. 72-1. The Wright Directions Defendants were required to refund $208,531.33 to Medicaid.

Plaintiffs A.M.L., J.J.L., R.D.M., and J.J.G. have amended certain paragraphs related to the Adoption Advocacy Defendants based upon clarifications raised by the Fourth Circuit during

oral arguments in *E.R.L. v. Adoption Advocacy, Inc.*, heard on October 27, 2022. Exhibit 1, Fourth Amended Complaint, *28, ¶157-158; *312, ¶758 (November 1, 2022)

Plaintiffs have also corrected the name for Franklin County Children Services. See Answer of Defendant Franklin County Children Services to Plaintiffs' Third Amended Complaint, Dkt. No. 63.

Plaintiffs have also corrected grammar and spelling errors throughout the complaint.

For the reasons stated above, Plaintiff asserts they should be allowed to amend their complaint pursuant to Rule 15(a)(2), Fed.R.Civ.P.

Rule 15 facilitates the amendment of pleadings and the presentation of supplemental materials. Amended pleadings generally incorporate events that occurred prior to the filing of the original pleading. The Rule allows for liberal amendment in the interests of resolving cases on the merits. *Foman v. Davis*, 371 U.S. 178, 181–182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (entirely contrary to spirit of Rules for decisions on merits to be avoided on basis of technicalities); see also *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 333, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971) (when plaintiff had no basis for anticipating affirmative statute of limitations defense, plaintiff did not need to set forth tolling claim, and in interest of justice, should not be penalized for failing to do so). Amendments may relate to either parties or claims and may serve such purposes as to add claims or defenses, to properly name or identify parties, and to add, substitute or drop parties or clarify jurisdiction.

In *Foman*, the Supreme Court asserted that "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman*, at 182

Rule 15 allows pleadings to be amended at any stage of the litigation. Parties may amend once as a matter of course, and thereafter, with leave of court. Whether leave is required depends on the point in the proceedings at which the party seeks to amend. Courts should allow amendments liberally when justice requires and in the absence of an apparent or declared reason to deny leave. *Johnson v. City of Shelby*, 574 U.S. 10, 135 S. Ct. 346, 190 L. Ed. 2d 309, 309–310 (2014) (reversing grant of summary judgment and referencing liberal amendment policies of Rule 15(a)(2), Supreme Court opined that federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted … . For clarification and to ward off further insistence on a punctiliously stated 'theory of the pleadings,' petitioners, on remand, should be accorded an opportunity to add to their complaint … .").

The *Foman* decision also clarified the factors that a district judge may use to deny leave to amend. These factors include: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Foman*, at 182; *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (leave to amend may be denied only when the amendment would be prejudicial to opposing party, there has been bad faith on the part of moving party, or when amendment would be futile).

        Respectfully Submitted,

        s//Robert J. Butcher
        Robert J. Butcher
        Federal Bar No. 9767
        Deborah J. Butcher
        Federal Bar No. 10731
        The Foster Care Abuse Law Firm, PA
        507 Walnut Street
        Camden, South Carolina 29020

                                                P.O. Box 610  
                                                Camden, South Carolina 29021  
                                                Telephone: (803) 432-7599  
                                                Facsimile: (803) 432-7499  
                                                Email: rbutcher@camdensc-law.com  
                                                Email: dbutcher@camdensc-law.com

Camden, South Carolina  
November 4, 2022