IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| A.M.L., *et al.*,	)<br>	)<br>	Plaintiffs,	)<br>	)<br>v.	)<br>	)<br>Wright Directions, LLC, *et al.*,	)<br>	)<br>	Defendants.	)<br>	)<br>	) | C.A. No. 9:22-1874-RMG<br><br>**ORDER** |

The Court conducted a status conference with counsel on January 30, 2023, in an effort to address the Third Amended Complaint, which contained numerous unrelated claims against twenty-one named defendants and twenty "John Doe" defendants that could not conceivably be tried in a single jury trial. The complaint asserts twenty-five causes of action in a pleading that runs 332 pages. (Dkt. No. 53). The case was initially filed in the Jasper County Court of Common Pleas and was removed by certain named defendants. (Dkt. No. 1). Plaintiffs, which include four minors identified by their initials, assert that they suffered injuries while in the custody of allegedly abusive adoptive parents. Plaintiffs have sued a broad array of defendants, including public child protective service agencies and their employees, an allegedly physically abusive minister, a Medicaid provider that allegedly submitted fraudulent invoices to Medicaid for services claimed to have been provided to the Plaintiffs, and multiple public-school employees, physicians and physician practices which are alleged to have been negligent in not detecting the abuse of the adoptive parents. The allegedly abusive adoptive parents are not named defendants.

1

To prove these varied causes of action at trial would involve in many instances different witnesses and documents as well as different injuries suffered at different times and in different ways. Some of the twenty-five causes of action have common questions of law and fact which could be appropriately joined under the standards of Fed. R. Civ. P. 20, while others plainly do not. Federal Rule of Civil Procedure 21 provides the Court broad discretion to "add or drop a party" or to "sever any claim against a party." The Court considers the following factors in addressing a decision to sever claims:

1. Whether the various claims are significantly different from one another;

2. Whether the separable issues involve different witnesses and different documentary proof;

3. Whether any party would be prejudiced by the severance of claims; and

4. Whether any party would be prejudiced by certain claims not being severed.

See *Grayson Consulting, Inc. v. Cathcart*, C.A. No. 2:07-2992-DCN, 2014 WL 1512029 at *2 (D.S.C. April 8, 2019).

In the status conference on January 30, 2023, the Court reviewed with counsel the twenty-five causes of action and reached common agreement that they fall into five severable cases. There were also causes of action that Plaintiffs' counsel agreed could be dismissed at this point. Regarding the severed cases, there was also common agreement that three of these five cases have no plausible federal jurisdiction and are subject to remand to state court.

The Court addresses the twenty-five pending causes of action as follows:

1. <u>First and Second Causes of Action</u>: These causes of action involve a single minor Plaintiff, R.D.M., and allege negligence claims against a church and its minister. (Dkt. No. 53 at

2

104). These claims are factually distinct from the other causes of action and would require a discrete set of witnesses and other evidence. The Court hereby severs these causes of action, and they will be assigned a separate case number. The Court finds no prejudice to any of the parties by severance or a remand to state court. The Court, by separate order, will remand this case to state court because there is no plausible federal jurisdiction.

  2. <u>Third Cause of Action</u>: The complaint states this cause of action is "reserved." (*Id*. at 108). This fails to state a plausible claim and is dismissed.

  3. <u>Fourth-Eighth Causes of Action</u>: These causes of action allege various state law claims (negligence, fraud, South Carolina Unfair Trade Practices, and civil conspiracy) and a federal claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, related to the submission of 328 invoices by Wright Directions, LLC, various named employees, and various John Doe employees of the LLC (*Id*. at 109-283) for reimbursement under the Medicaid Program. The only basis for federal jurisdiction asserted for these causes of action is under the RICO claim. The Court hereby severs these causes of action, and they will be assigned a separate case number.

 The Court expressed some skepticism during the status conference concerning whether the complaint alleges a plausible RICO claim. There appear to be substantial questions concerning the viability of the RICO claim, including (a) whether the Plaintiffs have standing to raise these Medicaid reimbursement claims; (b) whether the Plaintiffs have alleged an injury to "business or property," as required under 18 U.S.C. § 1964(c); and (c) whether the complaint has alleged that the purpose of the alleged fraudulent billing was to injure the minor Plaintiffs.

 Within twenty days of this Order, Plaintiffs are directed to advise the Court whether they continue to assert a RICO claim. If they indicate they continue to assert a RICO claim, they are to

file at the same time a memorandum setting forth the legal and factual basis for federal jurisdiction. Defendants may then file a response within 15 days thereafter. If Plaintiffs advise the Court that they no longer assert a RICO claim, the Court will remand these causes of action to state court because there would be no federal jurisdiction.

4. <u>Ninth-Nineteenth Causes of Action</u>: Plaintiffs allege various federal and state causes of action relating to their adoption by the allegedly abusive adoptive parents against the South Carolina Department of Social Services and named and unnamed employees of SCDSS, the Franklin County Children Services and unnamed employees of the agency, and Adoption Advocacy, Inc. and various named employees of the entity. (*Id*. at 282-312). One of the minor Plaintiffs in this action, E.L.R., raised some of these same claims in an earlier lawsuit, *E.R.L. v. Adoption Advocacy, Inc*., C.A. No. 9:21-479, 2021 WL 3493179 (D.S.C. 2021), which this Court dismissed because of a lack of federal jurisdiction. This earlier action is presently pending before the Fourth Circuit Court of Appeals and oral argument was recently conducted. *See ERL v. Adoption Advocacy, Inc*., Case No. 21-1980.

The Court finds these causes of action raise common questions of law and/or fact and will remain with the Court under the present case number. Since the Fourth Circuit decision could provide guidance regarding these causes of action, the Court hereby stays this case pending a decision by the Court of Appeals. The parties are directed to advise the Court promptly when a decision is made in this pending appeal.

5. <u>Twentieth Cause of Action</u>: Plaintiffs allege state negligence claims against various John Doe employees of the Beaufort County School District. (*Id*. at 313-314). Plaintiffs concede there is no federal jurisdiction regarding this cause of action. The Court hereby severs this cause of action, and it will be assigned a separate case number. The Court finds no prejudice to any of

the parties by severance or a remand to state court. The Court, by separate order, will remand this cause of action to state court because there is no federal jurisdiction.

6. <u>Twenty First-Twenty Fourth Causes of Action</u>: Plaintiffs allege general negligence and medical malpractice claims against two physicians and their medical practices related to care provided to them. Plaintiffs concede there is no plausible federal jurisdiction regarding these causes of action. The Court hereby severs these causes of action and will assign them a separate case number. The Court finds no prejudice to any of the parties by severance or a remand to state court. The Court, by separate order, will remand these causes of action to state court because there is no federal jurisdiction.

7. <u>Twenty Fifth Cause of Action</u>: Plaintiffs assert a cause of action for "necessities" against all Defendants. Plaintiff agreed to dismiss this cause of action without prejudice. This cause of action is hereby dismissed without prejudice.

Considering the significant impact of the severance and dismissal of numerous causes of action and the staying of Causes of Action Nine-Nineteen, the Court hereby denies without prejudice all pending motions before the Court (Dkt. Nos. 41, 56, 64, 76). Pending motions to approve the settlement in the First and Second Causes of Action (Dkt. Nos. 72, 80) are denied without prejudice with the parties free to refile these motions once the causes of action are remanded to state court.

**AND IT IS SO ORDERED**.

<u>s/Richard Mark Gergel</u><br>
Richard Mark Gergel<br>
United States District Judge

Charleston, South Carolina
January 31, 2023