**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| AML, *et al.*, | ) | |
| | ) | |
|       Plaintiffs, | ) | C.A. No. 9:22-1874-RMG |
| | ) | |
| v. | ) | |
| | ) | |
| South Carolina Department of Social Services, *et al.*, | ) | |
| | ) | |
| | ) | **ORDER** |
|       Defendants. | ) | |
| | ) | |
| | ) | |

      This matter comes before the Court on Plaintiffs' motion to reconsider the Court's prior order denying their motion to compel the production of the redacted portions of certain records in the possession of Wright Directions LLC ("Wright") that were redacted pursuant to a state trial court's order because they fell within the "psychotherapy notes" exception under HIPPA. Plaintiffs have moved this Court to reconsider its previous order because the unredacted records may reveal "some discussions of SCDSS's involvement with the children and their family" and may provide evidence relevant to damages. (Dkt. No. 121 at 3). A motion to reconsider is granted in only a narrow set of circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; and (3) to correct a clear error of law or to prevent manifest injustice. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002). None of these standards are satisfied in Plaintiffs' motion to reconsider.

      It is important to note at the outset that Wright is not a party to this action because of an earlier order of this Court severing claims against Wright and remanding those claims to state

court. (Dkt. No. 90). Further, Plaintiffs obtained from Wright in previous state court litigation reportedly 4,000 documents, with redactions for psychotherapy notes.

Plaintiffs argue that the Wright psychotherapy notes "quite possibly" set forth evidence of "SCDSS's viewpoint" and may contain "some discussion" with SCDSS. To the extent any records of Wright's treatment records of Plaintiffs detail any discussions with SCDSS, such discussions would fall outside the psychotherapy notes exception and should have been produced previously by Wright. To the extent records relating to SCDSS discussions with Wright regarding Plaintiffs have not been produced to Plaintiffs, Wright is directed to promptly produce them.

As indicated in the Court's earlier order denying the motion to compel, Plaintiffs should revisit with the state court its order directing the redacting of the psychotherapy notes. The Court is reluctant to effectively overrule a previous state court discovery order and remains unpersuaded at this point in this litigation that such redacted portions of the Wright treatment records contain information relevant to this case. If Plaintiffs are able to survive dispositive motions and establish a basis for SCDSS' liability, the Court may consider a renewed request to conduct an *in camera* inspection of the redacted records to determine if they contain any information relevant to the issue of damages in this case.

Plaintiffs' motion to reconsider (Dkt. No. 121) is **DENIED**.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

August 18, 2023  
Charleston, South Carolina